UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────x
:
UNITED STATES OF AMERICA, :
:
*Plaintiff,* :
:
*v.* : Case No. 1:20-cv-00506
:
PIERRE BROQUEDIS, :
:
*Defendant.* :
───────────────────────────────x

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), brings this civil action to collect a civil penalty, plus statutory additions, imposed on Pierre Broquedis, for his willful failure to timely report his financial interest in numerous foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1.      The Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355 because this action arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

2.      Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because Pierre Broquedis is a United States citizen who resides in Buffalo, New York, within the jurisdiction of this Court.

## LEGAL DUTY TO REPORT FOREIGN FINANCIAL ACCOUNTS

3. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial entities. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists." 31 C.F.R. § 1010.350(a).

4. To fulfill this requirement, a U.S. person must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.*

5. An FBAR requires a U.S. person to disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the name of the financial institution in which the account is held, the account number, and the mailing address of the financial institution in which the account is held. *See* Form TD-F 90-22.1 (the form used for reporting foreign accounts for calendar years 2007, 2008, and 2009).

6. For calendar years 2007, 2008, and 2009, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

7. Schedule B is an attachment to the individual federal income tax return (Form 1040) that taxpayers use for reporting, among other things, interest and dividend income, as well as the existence of any financial interest in or signature or other authority over financial accounts located in foreign countries. During calendar years 2007, 2008, and 2009, Schedule B referred to the FBAR filing requirement and alerted a taxpayer who met the definition of a U.S. person and who had an interest in or signature or other authority over a financial account located in a

foreign country [$10,000 balance requirement] to see the instructions for the exceptions and filing requirements for Form TD-F 90-22.1.

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

9. The penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to statutory additions, including interest and late-payment penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

10. Pierre Broquedis was born in Paris, France in 1926. He moved to the United States in 1946 and became a United States citizen in 1953.

11. Between approximately 1973 and 1984, Pierre Broquedis resided in Europe while working for U.S. companies in France, the United Kingdom, and Italy.

12. Pierre Broquedis moved back to the United States in 1984 and has since resided in Buffalo, New York. While in the United States, Mr. Broquedis was a comptroller for a number of businesses. He retired in 1990.

13. Since 1973, Pierre Broquedis has had a financial and beneficial interest in, and control and signatory authority over, two accounts at Societe Generale, a financial institution located in France. Upon information and belief, both accounts remain open.

14. In 1988, Pierre Broquedis inherited and began holding a financial and beneficial interest in, and control and signatory authority over, an account at UBS AG, Switzerland. In 2009, Mr. Broquedis closed this account and moved to another Swiss bank. On information and belief, Mr. Broquedis took these actions after UBS told him he had to close his account.

15. In 2009, Pierre Broquedis began holding a financial and beneficial interest in, and control and signatory authority over, an account at Banque Cantonale de Fribourg in Switzerland. Pierre Broquedis used the money from his UBS account to fund this account. The account was closed in 2014, after Banque Cantonale de Fribourg sent Mr. Broquedis a letter notifying him it was terminating its business relationship with him due to the enforcement of U.S. tax laws.

16. For tax years 2001 through 2009, Pierre Broquedis filed income tax returns using the same tax return preparer at an H&R Block office. Pierre Broquedis never informed his return preparer about the existence of his foreign accounts.

17. Pierre Broquedis never reported his financial interest in or authority over any foreign bank account, or dividends from or gains and losses on foreign investments generated in his foreign accounts, either on Schedule B of his tax returns or by filing an FBAR. Pierre Broquedis had similar domestic accounts and investments where he reported similar income and therefore knew or should have known that he was required to report the income from his foreign accounts.

**Broquedis's Foreign Financial Account balances exceeded $10,000 in 20007, 2008, and 2009**

18. In 2007, Pierre Broquedis had a financial and beneficial interest in, and control and signatory authority over, foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance During 2007 | Date Opened | Date Closed | Bank Location |
|---|---|---|---|---|---|
| UBS AG | x66-01 | $1,996,626 | Inherited in 1988 | 2009 | Switzerland |
| Societe General | x0745 | $ 1,598 | 1973 | | France |
| Societe General | x0793 | $ 19,829 | 1973 | | France |

4

19. Two of the accounts had balances exceeding $10,000. The aggregate balance of the three accounts exceeded $2,000,000.

20. In 2008, Pierre Broquedis had a financial and beneficial interest in, and control and signatory authority over, foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance During 2008 | Date Opened | Date Closed | Bank Location |
|---|---|---|---|---|---|
| UBS AG | x66-01 | $1,962,524 | Inherited in 1988 | 2009 | Switzerland |
| Societe General | x0745 | $    2,041 | 1973 | | France |
| Societe General | x0793 | $   18,846 | 1973 | | France |

21. Two accounts had balances exceeding $10,000. The aggregate balance of the three accounts exceeded $1,980,000.

22. In 2009, Pierre Broquedis had a financial and beneficial interest in, and control and signatory authority over, foreign bank accounts as follows:

| Bank Name | Account Number | Maximum Balance During 2009 | Date Opened | Date Closed | Bank Location |
|---|---|---|---|---|---|
| UBS AG | x66-01 | $1,599,446 | Inherited in 1988 | 2009 | Switzerland |
| Societe General | x0745 | $    2,147 | 1973 | | France |
| Societe General | x0793 | $   11,654 | 1973 | | France |
| Banque Cantonale de Fribourg | x9903 | $1,619,879 | 2009 | 2014 | Switzerland |

5

23. Three of the accounts had balances exceeding $10,000. The aggregate balance of the four accounts exceeded $1,600,000.[1]

### Broquedis's Financial Dealings with UBS AG

24. On October 20, 1999, Pierre Broquedis directed UBS to withhold correspondence from the bank and to destroy that correspondence if not requested by him within three years of the document's origination.

25. Between 2004 and 2009, Pierre Broquedis had ten separate checks drawn on his UBS account for amounts between 8,900.00 and $9,358.00, slightly less than the reportable amount of $10,000. Often, multiple checks were drawn on the same day.

26. On information and belief, in 2009, UBS notified Pierre Broquedis that he was required to close his account. Pierre Broquedis closed the UBS account that same year and transferred the funds to a new account at Banque Cantonale de Fribourg in Switzerland.

27. On or about January 26, 2010, Pierre Broquedis authorized UBS to disclose his account records to the Internal Revenue Service ("IRS").

### Broquedis's Participation in the IRS's Offshore Voluntary Disclosure Initiative

28. Pierre Broquedis entered into the IRS's 2011 Offshore Voluntary Disclosure Initiative ("OVDI") program. As part of his participation in the OVDI program, Pierre Broquedis submitted a voluntary disclosure letter dated May 20, 2010 that disclosed his foreign accounts (identified above in ¶¶ 18-22).

---

[1] Because the balance of the funds in the UBS AG account was transferred to the Banque Cantonale de Fribourg account during the 2009 calendar year, the balance in the UBS account was not used to compute the aggregate balance, to avoid duplication.

29. In 2011, Pierre Broquedis submitted a number of documents to the IRS, including amended income tax returns (Form 1040) for calendar years 2003 through 2009 and late FBARs for the same years.

30. Pierre Broquedis's failure to report the income from his offshore accounts resulted in proposed adjustments to his income tax liability for calendar years 2004 through 2009.

31. In November 2012, Pierre Broquedis opted out of the OVDI program and his case was referred for a civil FBAR examination.

## **Broquedis's Failure to Timely Report His Interest in Foreign Financial Accounts was Willful**

32. For calendar year 2007:

   a. Pierre Broquedis had a financial interest in, and signatory authority over, all the accounts listed in ¶ 18 above. Two of the accounts had balances exceeding $10,000. The aggregate balance of the three accounts exceeded $2,000,000.

   b. Pierre Broquedis failed to disclose any foreign accounts on Schedule B of his 2007 federal income tax return (Form 1040). Although Pierre Broquedis attached a Schedule B to his 2007 return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

   c. Pierre Broquedis failed to inform his tax return preparer that he had foreign bank accounts during the 2007 calendar year.

   d. Pierre Broquedis was required to file an FBAR by June 30, 2008, reporting his interest in his foreign bank accounts for the 2007 calendar year, but he failed to do so.

33. For calendar year 2008:

   a. Pierre Broquedis had a financial interest in, and signatory authority over, all the accounts listed in ¶ 20 above. Two accounts had balances exceeding $10,000. The aggregate balance of the two accounts exceeded $2,000,000.

   b. Pierre Broquedis failed to disclose any foreign accounts on Schedule B of his 2008 federal income tax return (Form 1040). Although Pierre Broquedis attached a Schedule B to his 2008 income tax return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

   c. Pierre Broquedis failed to inform his tax return preparer that he had foreign bank accounts during the 2008 calendar year.

   d. Pierre Broquedis was required to file an FBAR by June 30, 2009, reporting his interest in his foreign accounts for the 2008 calendar year, but he failed to do so.

34. For calendar year 2009:

   a. Pierre Broquedis had a financial interest in, and signatory authority over, all the accounts listed in ¶ 22 above. Three accounts had balances exceeding $10,000. The aggregate balance of the two accounts exceeded $3,000,000.

   b. Pierre Broquedis failed to disclose any foreign accounts on Schedule B of his 2009 federal income tax return (Form 1040). Although Pierre Broquedis attached a Schedule B to his 2009 income tax return, he checked "No" in response to the question that asked whether he had an interest in or authority over a foreign financial account.

      c. Pierre Broquedis failed to inform his tax return preparer that he had foreign bank accounts during the 2009 calendar year.

      d. Pierre Broquedis was required to file an FBAR by June 30, 2009, reporting his interest in his foreign accounts for the 2008 calendar year, but he failed to do so.

35. Pierre Broquedis's failure to timely report his financial interest in the foreign bank accounts during 2007, 2008, and 2009 was willful.

## CLAIM FOR RELIEF

36. At all relevant times, Pierre Broquedis was a United States person and was subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350.

37. In 2007, Pierre Broquedis had an interest in two foreign accounts in France and one foreign account in Switzerland (identified above in ¶ 18) in which the aggregate balance exceeded $10,000.

38. In 2008, Pierre Broquedis had an interest in two foreign accounts in France and one foreign account in Switzerland (identified above in ¶ 20) in which the aggregate balance exceeded $10,000.

39. In 2009, Pierre Broquedis had an interest in two foreign accounts in France and two foreign accounts in Switzerland (identified above in ¶ 22) in which the aggregate balance exceeded $10,000.

40. Pierre Broquedis was required to report to the United States his interest in these foreign accounts in FBARs filed on or before June 30, 2008, June 30, 2009, and June 30, 2010, respectively.

41. Pierre Broquedis made no attempt to file FBARS until 2011, and he did so only because it was an OVDI program requirement.

42. Pierre Broquedis's failure to report these accounts in a timely-filed FBAR was willful within the meaning of 31 U.S.C. § 5321(a)(5).

43. Due to Pierre Broquedis's willful failure to timely file FBARs reporting his financial interest in the foreign bank accounts for tax years 2007, 2008, and 2009, on May 3, 2018, a delegate of the Secretary of the Treasury, in accordance with 31 U.S.C. § 5321, timely assessed FBAR penalties against him as follows:

| FBAR penalty assessments against Pierre Broquedis |||
| --- | --- | --- |
| Year | Highest Aggregate Balance | Penalty |
| 2007 | $2,018,053.00 | $499,497.00 |
| 2008 | $1,983,411.00 | $105,170.00 |
| 2009 | $1,633,680.00 | $404,360.00 |
| TOTAL | | $1,009,027.00 |

44. On May 21, 2018, a delegate of the Secretary of the Treasury sent Pierre Broquedis notice of the assessment of the FBAR penalties and made a demand for payment.

45. Despite the notice and demand for payment, Pierre Broquedis has failed to pay the willful FBAR penalties assessed against him. As a result, he owes $1,083,916.15 as of May 25, 2019, plus interest and failure to pay penalty under 31 U.S.C. § 3717, and associated fees accruing from and after May 25, 2019. Interest and statutory additions continue to accrue.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment in favor of the United States and against Pierre Broquedis for FBAR penalties assessed against him for calendar years 2007, 2008, and 2009 under 31 U.S.C.

§ 5321(a)(5), plus statutory additions, including interest and late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2); and

      B.      Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

                      Respectfully submitted,

                      RICHARD E. ZUCKERMAN
                      Principal Deputy Assistant Attorney General
                      Tax Division, U.S. Department of Justice

                      */s/ Thelma A. Lizama*
                      THELMA A. LIZAMA
                      Bradley Sarnell
                      Trial Attorneys
                      Tax Division, Department of Justice
                      P.O. Box 55
                      Washington, D.C. 20044
                      (202) 616-3339 (Lizama)
                      (202) 307-1038 (Sarnell)
                      (202) 514-5238 (fax)
                      Thelma.A.Lizama@usdoj.gov
                      Bradley.A.Sarnell@usdoj.gov